## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL MARTINEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| **AS TRUSTEE, SUCCESSOR IN** | § | |
| **INTEREST TO BANK OF AMERICA,** | § | **CIVIL ACTION NO. 5:22-cv-369** |
| **NATIONAL ASSOCIATION, AS** | § | |
| **TRUSTEE SUCCESSOR BY MERGER** | § | |
| **TO LASALLE BANK NATIONAL** | § | |
| **ASSOCIATION, AS TRUSTEE** | § | |
| **WASHINGTON MUTUAL MORTGAGE** | § | |
| **PASS THROUGH CERTIFICATES** | § | |
| **WMALT SERIES, 2005-6 TRUST AND** | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| *Defendant.* | | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants PHH Mortgage Corporation ("***PHH***") and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2005-6 Trust ("***U.S. Bank***") give notice of the removal of the state court civil action described below.  As grounds for the removal, Defendants respectfully state the following:

### I.        INTRODUCTION

1.        On February 23, 2022, Plaintiff Michael Martinez filed Plaintiff's Original Petition (the "***Complaint***") in the 150th Judicial District Court for Bexar County, Texas under Cause No. 2022C103463, styled *Michael Martinez v. U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association, as Trustee Successor by Merger to LaSalle*

*Bank National Association, as Trustee Washing Mutual Mortgage Pass Through Certificates WMALT Series, 2005-6 Trust and PHH Mortgage Corporation.*

2.      In his Complaint, Plaintiff seeks temporary and permanent injunctive relief to prevent the foreclosure of the real property commonly known as 5831 Silent Forest Drive, San Antonio, Texas 78250 (the "***Property***"). Plaintiff also seeks declaratory relief related to the Property. Additionally, Plaintiff seeks attorneys' fees and costs of court as well as additional statutory and exemplary damages.

3.      On April 11, 2022, Defendants filed an answer to the Complaint.

4.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached, marked as composite **Exhibit "A"**, and incorporated by reference.

## II.      TIMELINESS OF REMOVAL

5.      PHH was served with a copy of the citation on March 16, 2022.  U.S. Bank was also served on March 16, 2022.  Because this notice is being filed before the expiration of thirty days of service on PHH, it is timely pursuant to 28 U.S.C. § 1446(b)(1).[1]

## III.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as discussed more fully below.

---

[1] *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

A.      **Complete Diversity Exists.**

7.      Plaintiff is a resident and citizen of Bexar County, Texas.[2]

8.      PHH is a New Jersey Corporation with its principal place of business located at 1 Mortgage Way, Mt. Laurel, New Jersey 08054.  A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[3]  Therefore, for diversity purposes, PHH is a citizen of New Jersey.

9.      U.S. Bank is a national banking association and trustee of a mortgage-securitization trust.  When a trustee is the real party in interest to the suit, its citizenship controls for purposes of diversity jurisdiction.[4]  A trustee that possesses the "customary powers to hold, manage, and dispose of assets" is the real party in interest.[5]  That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name, the trustee's citizenship is "all that matters for diversity purposes."[6]  A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office as set forth in its articles of association.[7]  U.S. Bank's main office as designated in its articles of association is in Ohio. Accordingly, U.S. Bank is a citizen of Ohio for diversity purposes.

10.     Because Plaintiff is a citizen of Texas and Defendants are not citizens of Texas, complete diversity of citizenship exists between Defendants and Plaintiff.

---

[2] *See* Plaintiff's Complaint, ¶ 1; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").
[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[4] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).
[5] *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356–57 (5th Cir. 2017) (quoting *Navarro*, 446 U.S. at 464).
[6] *Id.* at 358–59 (quoting *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016 (2016)).
[7] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).

**Defendants' Notice of Removal**                    3

**B.      The amount in controversy exceeds $75,000.00.**

11.      As noted above, Plaintiff seeks injunctive relief to prevent foreclosure of the Property. When this type of relief is sought, the amount in controversy is measured by the value of the property at issue.[8]  Here, the value of the Property is at least $249,293.[9]  Therefore, based on the relief Plaintiff seeks in the Complaint, the amount in controversy exceeds $75,000.00.

## IV. VENUE

12.      Venue for this removal is proper in the U.S. District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, the location of the pending state court action.[10]

## V.  ADDITIONAL REQUIREMENTS

13.      Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

14.      In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

15.      Plaintiff made a jury demand in the Complaint.

---

[8] *See Dabney v. CitiMortgage, Inc.*, 2016 WL 7046833, at *1 (W.D. Tex. 2016) ("Because Plaintiff's complaint seeks to set aside the foreclosure sale, [] the value of the property determines the amount in controversy for establishing diversity jurisdiction.") (citing *Nationstar Mortg. LLC v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009).

[9] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of this document because it is a public record and the information it provides is readily ascertainable and the source—the Bexar County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[10] *See* 28 U.S.C. § 124(b)(2).

**WHEREFORE**, having satisfied the requirements for removal, Defendants give notice that Cause No. 2022C103463, originally filed in the 150th Judicial District Court of Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: _/s/ Emily Stroope_

**EMILY STROOPE**
State Bar No. 24070692
**ALEXIS DEL RIO**
State Bar No. 24120796
**MCGLINCHEY STAFFORD**
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone:  (214) 445-2445
Facsimile:  (214) 594-2911
estroope@mcglinchey.com
adelrio@mcglinchey.com

**ATTORNEYS FOR DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES, 2005-6 TRUST AND PHH MORTGAGE CORPORATION**

## CERTIFICATE AND NOTICE OF FILING

I certify that the foregoing Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served upon the attorney of record for Plaintiff.

_/s/ Emily G. Stroope_
Emily G. Stroope

**Defendants' Notice of Removal**                              5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system and/or via email.

*<u>Via Efile.TXCourts.gov</u>*
Kenneth E. Grubbs
Forum Building
8000 IH-10 West, Ste 740
San Antonio, Texas 78230
(210) 490-1292

***Attorney for Plaintiff***

<u>s/ Emily Stroope</u>
EMILY STROOPE